UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDMOND P. LAFRANCE,<br><br>    Defendant | Criminal No. 16-CR-10090- IT |

## MOTION TO MODIFY RELEASE CONDITIONS

Defendant Edmond P. LaFrance, by and through counsel, hereby moves for modification of his current conditions of release. In support of this motion LaFrance states as follows:

1.    Following a hearing held on January 28, 2016, the Court entered an Order Setting Conditions of Release. In the more than sixty days that has elapsed since this Order was entered, LaFrance has fully complied with all of his release conditions. An Indictment was recently returned and LaFrance now needs to begin to work more closely with counsel to respond to the allegations against him and prepare his defense.

2.    Paragraph 8(i) of the release Order restricts travel to the District of New Hampshire and Massachusetts "for Court and Medical purposes only." LaFrance requests that this provision be expanded to make clear that he can also travel to Massachusetts for the purpose of meeting with defense counsel.

3.    Paragraph 8(x) of the release Order mandates that LaFrance make "no use of email, the internet, text-messaging, or an electronic device capable of any of these three." LaFrance requests modification of this provision to enable him to effectively communicate with defense counsel and access information which is essential to his defense. Specific to this

request, counsel states that LaFrance's right to effective assistance under the Sixth Amendment mandates that counsel should be able to make use of email to maintain regular contact with his client as necessary and to promptly exchange electronic communications and attachments concerning discovery production, fact gathering and investigation, motion practice, trial preparation, and related matters. In addition, counsel understands that certain data which is essential to the defense of this case is maintained in an internet-based electronic form. The First Circuit has recognized that access to computers, the internet, and modern tools of communication are essential to one's ability to live effectively in the modern world, and that restrictions to be imposed on access to these means of communications must be consistent with the purposes and goals of the conditions of release. *See e.g. U.S. v. Ramos*, 763 F.3d 45, 60 (1st Cir. 2014) ("'an undue restriction on internet use renders modern life – in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website – exceptionally difficult.'") Here, LaFrance also needs access to the internet to the extent that it is necessary to obtain information that is vital to his defense, and he also needs the ability to effectively communicate with his attorney concerning his defense. Further, the broad prohibition on the use of the internet and other electronic communication is more restrictive than necessary to achieve the purposes of the conditions of pretrial release, and instead, have a severe punitive impact on LaFrance while he awaits trial.

4.    Counsel fully understands and respects the other limitations imposed by Paragraph 8(x) of the release Order and is not seeking to modify subsections (2) through (7) thereof. The instant request is limited to a modification of the provision regarding use of email

and the internet for purposes of communicating with counsel and preparing a defense to the charges against him.

WHEREFORE, it is respectfully requested that this motion be allowed.

Dated: April 4, 2016

DEFENDANT EDMOND P. LAFRANCE,

By his attorneys,

*/s/ Paul V. Kelly*
Paul V. Kelly (BBO No. 267010)
John J. Commisso (BBO No. 647002)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
Paul.Kelly@jacksonlewis.com
John.Commisso@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I certify that this document was filed through ECF and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Paul V. Kelly*
Jackson Lewis P.C.

4815-0073-0160, v. 1