

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 3, 2016

Paul V. Kelly
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116

    Re:    United States v. Edmond LaFrance
           Criminal No. 16-cr-10090-IT

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A) & (a)(1)(B)

    a.    Written Statements

Enclosed are the following relevant written statements made by the defendant Edmond LaFrance in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    Copies of e-mail messages in which the defendant was a participant
    Copies of text messages in which the defendant was a participant
    Advice of Rights Form dated 1-28-16

As described in Paragraph B, below, the e-mail account eplafrance14@gmail.com was searched pursuant to court-authorized search warrant. In accordance with the procedure specified by the warrant, Google provided an account duplicate for the Federal Bureau of Investigation to search. A copy of that account duplicate is enclosed. The contents may be viewed by importing the files to a standalone e-mail client, such as Thunderbird.

Written statements will also be found on one or both of the computers seized from the defendant.

These will be produced subject to a protective order, as described in Paragraph B, below.

    b.    <u>Recorded Statements</u>

There are no relevant recorded statements of the defendant Edmond LaFrance in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Edmond LaFrance did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

Report of interview of Edmond LaFrance on October 5, 2015
Report of Interview of Edmond LaFrance on December 8, 2015
Report of Interview of Edmond LaFrance on December 9, 2015

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

Enclosed is a copy of the defendant's prior criminal record.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

Except as set forth immediately below, all books, papers, documents, e-mails, records files and tangible items not otherwise enclosed with this letter which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Those materials pertaining to Victims 3-5 and those materials found on electronic devices seized from the defendant will be produced subject to a protective order. For the limited purpose of obtaining a protective order before their disclosure, the U.S. Attorney declines pursuant to L.R. 116.6 to disclose them at this time. To reduce the risk of re-victimization of Victims 3-5 and additional victimization of others, disclosure of these materials should be limited to the parties in this case and use limited to the defense of this case. A proposed protective order will be sent to you next week for consideration.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Copies of the forensic reports with respect to the iPhone 6 Plus and Samsung phone

seized at 16 Brussels Drive, Nashua, New Hampshire on December 8, 2015, are enclosed.

Copies of the forensic reports with respect to the Samsung and Toshiba laptops seized at 16 Brussels Drive, Nashua, New Hampshire on December 8, 2015 will be provided to you after receipt by this office.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Search warrants were executed on the Google e-mail account <u>eplafrance14@gmail.com</u> on September 25, 2015, and at 16 Brussels Drive, Nashua, New Hampshire on December 8, 2015. Copies of the search warrants, applications, affidavits, and returns are enclosed.

Copies of e-mails, voice mails and text messages seized during the course of those searches to date are enclosed. Forensic examination and search of storage media contained in seized electronic equipment are ongoing.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant Edmond LaFrance was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief. A copy of the image used in or memorializing the identification procedure is attached to the enclosed memorandum of interview of ▮▮▮▮▮▮▮▮ dated September 14, 2015.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

Information that you may consider to be discoverable under Local Rule 116.2(B)(1)(a) or (b) may be contained in interview reports, e-mails and records produced on the enclosed disc. The government is aware of no further information or materials relating to this case of the type described in Local Rule 116.2(B)(1) other than the following:

3

The enclosed proffer letter given to ▮▮▮▮▮▮▮▮▮▮

The criminal records of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ copies of which are enclosed.

The statement by Victim 3 that she did not know Edmond LaFrance.

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the indictment in this case.

Please call the undersigned Assistant U.S. Attorney at 617-748-3181 if you have any questions.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Stephen P. Heymann
Stephen P. Heymann
Assistant U.S. Attorney

cc:  Clerk's Office
     U.S. District Court
     Redacted Copy

4