UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF | &#124; |
| AMERICA | &#124; |
| | &#124; |
| v. | &#124;   CRIMINAL No. 16-CR-10090-IT |
| | &#124; |
| EDMOND LAFRANCE, | &#124; |
| | &#124; |
| Defendant. | &#124; |

### JOINT MEMORANDUM FOR INITIAL STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)     The Status of Automatic Discovery and Pending Discovery Requests:

Except as set forth below, the government has produced the automatic discovery required under the Local Rules and has made additional discovery available to defense counsel for inspection.

The government has informed defense counsel it will produce those materials pertaining to Victims 3-5 in the Indictment and those materials found on electronic devices seized from the defendant subject to a protective order.   The government has declined pursuant to L.R. 166.6 to produce these materials at this time, for the limited purpose of obtaining the protective order before their disclosure.   A proposed protective order is being drafted by the government and will be sent to defense counsel for consideration shortly.

(2)    <u>The Timing of Any Additional Discovery to Be Produced</u>:

The government will produce the remainder of discovery in accordance with the schedules established by Local Rules 116.1 and 116.2.

(3)    <u>The Timing of Any Additional Discovery Requests</u>:

At this time, the government does not anticipate making any discovery requests. The defendant requests thirty days in which to review the discovery which has been produced to date before making this determination.

(4)    <u>Protective Orders</u>:

The government believes that to reduce the risk of re-victimization of Victims 3-5 and additional victimization of others, disclosure of certain materials should be limited to the parties in this case and use of the materials limited to the defense of this case. Government counsel will forward a proposed protective order to defense counsel for consideration shortly.

(5)    <u>The Timing of Any Pretrial Motions Under Fed. R. Crim. P. 12(b)</u>:

Defense counsel received discovery materials on May 3, 2016, and need a period of time to review the materials before determining what, if any 12(b) motions they will be filing. The parties request that the Court set an interim status conference between June 20 and 29, 2016, by which time defense counsel will have had an opportunity to have review the discovery materials and make an informed decision concerning what motions, if any, they intend to file and the length of time they will need to prepare them.

(6)   <u>Expert witness discovery</u>:

While the government does not believe that e-mails and documents obtained in a straight-forward manner from a computer require expert testimony to authenticate, in an abundance of caution, the government provides the following notice.   The government anticipates offering testimony in the areas of computer forensics and records created and stored by computers if stipulations on the authenticity of e-mails and other electronically stored records cannot be reached.

Defense counsel believe that they will not require the government to call an expert for the purpose of authenticating e-mails and documents, but want to review the discovery which has been produced before committing to this position.   Accordingly, as of this time, neither party anticipates that it will need to call an expert witness at trial and requests that this timing matter be revisited at the next interim status conference.

(7)   <u>Excludable delay</u>:

The parties ask the Court to exclude the time from the date of the Initial Status Conference to an interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions.   The ends of justice served by this exclusion would outweigh the best interest of the public and the defendant in a speedy trial.

(8)   <u>Interim status conference</u>:

The parties ask the Court to schedule an interim status conference Between June 20 and 29, 2016.

(9)    <u>Trial likelihood and length</u>:

The parties anticipate that this case will go to trial and will last 7-8 days.    Defense

counsel have consulted with Mr. LaFrance who has agreed to waive any venue objection and

agreed to have any substantive claims relative to Victims 3, 4 and 5 handled in one consolidated

Indictment here in Massachusetts.

.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    <u>*/s/ Stephen P. Heymann*            </u>
Stephen P. Heymann
Assistant U.S. Attorney


<u>*/s/ Paul Kelly & John Commisso   by sph*  </u>
Paul Kelly
John Commisso
Counsel for Defendant Edmond LaFrance


Dated: May 17, 2016