UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>EDMOND P. LAFRANCE, )<br>)<br>Defendant )<br>)<br>)<br>_____) | Criminal No. 16-10090-IT |

**REPORT IN LIEU OF INITIAL STATUS CONFERENCE**
**PURSUANT TO LOCAL RULE 116.5 (a)**

**May 18, 2016**

Hennessy, M.J.

Defendant LaFrance is alleged to have induced five individuals to transfer money, in the form of loans or cash investments, to LaFrance that La France alleged would be used in connection with business ventures in which he was involved. It is alleged that the representations LaFrance made to induce these transfers were fraudulent. LaFrance is charged with two counts of wire fraud, relating to victims 1 and 2. I scheduled an Initial Status Conference for May 17, 2016 in Worcester. However, prior to the conference, counsel filed a joint memorandum that obviates the need for the conference. On the basis of the memorandum, I report as follows:

**Local Rule 116.5(a)(1) through (4)**

The United States has produced automatic discovery and additional discovery. It is prepared to produce materials pertaining to victims 3 through 5, who interaction with LaFrance is

not the subject of a charge in the indictment. These materials will be produced only the parties have executed a protective order. There are no pending discovery requests. Defendant needs additional time to review discovery to determine whether to file discovery requests. Defendant is directed to report at the interim status conference whether he will serve any discovery requests. As noted, the parties are preparing a protective order that governs the use of a materials relating to victims 3 through 5.

**Local Rule 116.5(a)(5)**

Defendant is directed to report at the Interim Status Conference whether, based on a review of discovery, he will file pretrial motions pursuant to Fed.R.Crim. P. 12(b).

**Local Rule 116.5(a)(6)**

The government's expert disclosures, if any, shall be due thirty (30) days before trial, and Defendant's expert disclosures, if any, shall be due twenty-one (14) days before trial.

**Local Rule 116.5(a)(7)**

Pursuant to an order of this court, I have excluded the period from April 5, 2016 (the date of Defendant's arraignment on the Indictment), through May 17, 2016 (the date of the Initial Status Conference) from the time in which trial of this case must commence. The parties further agree that the period from May 17, 2016 through the Interim Status Conference that I have set, at the request of the parties, for June 24, 2016 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that five days, from the return of the Indictment on March 30, 2016 until the arraignment on April 5, 2016, is chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(a)(8)**

An Interim Status Conference will take place in this case on Friday, June 24, 2016 at 2:00 p.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.  If the parties file a joint memorandum that addresses Local Rule 116.5(b) which obviates the need for the status conference, the Court will waive the status conference.  Counsel are invited to appear by telephone if that is more convenient.  If any counsel wishes to appear by telephone, he or she is to contact Lisa Belpedio before the conference and provide her with a landline telephone number at which counsel can be reached.  The parties are to address in the memorandum or at the interim status conference when they expect this matter can be returned to Judge Talwani.

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge