UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| | \| |
| v. | \| CRIMINAL No. 16-CR-10090-IT |
| | \| |
| EDMOND LAFRANCE, | \| |
| | \| |
| Defendant. | \| |

JOINT MEMORANDUM FOR SECOND STATUS CONFERENCE

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

(1)   The Status of Automatic Discovery and Pending Discovery Requests:

The government has produced the automatic discovery required under the Local Rules and has made additional discovery available to defense counsel for inspection.

(2)   The Timing of Any Additional Discovery to Be Produced:

The government will produce the remainder of discovery in accordance with the schedules established by Local Rules 116.1 and 116.2.

(3)   The Timing of Any Additional Discovery Requests:

At this time, the government nor the defendant anticipates making any discovery requests. The defense is still reviewing the discovery materials provided by the government and will make any requests for further discovery within the next 30 days.  The defense reserves the right to modify this position and seek additional time for further discovery requests in light of the yet unseen allegations to be contained within the anticipated superseding indictment.

(4) <u>Protective Orders</u>:

An agreed protective order has been entered by the Court with respect to certain materials made available as part of discovery.

(5) <u>The Timing of Any Pretrial Motions Under Fed. R. Crim. P. 12(b)</u>:

The defense is still evaluating the discovery materials produced and conducting further investigation of the facts underlying the charges. The defense has been advised that a superseding indictment is forthcoming. Once that further charging document is filed, we would request a period of 60 days from arraignment on the new charges to file any pretrial motions. The defendant is willing to exclude the time under the Speedy Trial Act in the interests of justice.

(6) <u>Expert witness discovery</u>:

While the government does not believe that e-mails and documents obtained in a straight-forward manner from a computer require expert testimony to authenticate, in an abundance of caution, the government provides the following notice. The government anticipates offering testimony in the areas of computer forensics and records created and stored by computers if stipulations on the authenticity of e-mails and other electronically stored records cannot be reached.

Defense counsel believe that they will not require the government to call an expert for the purpose of authenticating e-mails and documents, but want to review the discovery which has been produced before committing to this position. Accordingly, as of this time, neither party anticipates that it will need to call an expert witness at trial and requests that this timing matter be revisited at the next interim status conference.

(7) <u>Excludable delay</u>:

The parties ask the Court to exclude the time from the date of the Initial Status Conference to an interim status conference under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), for the parties to review discovery, investigate possible defenses, and evaluate the need for pre-trial motions.  The ends of justice served by this exclusion would outweigh the best interest of the public and the defendant in a speedy trial.

(8)     Interim status conference:

The parties ask the Court to schedule a further interim status conference after August 23, 2016.

(9)     Trial likelihood and length:

The parties anticipate that this case will go to trial and will last 7-8 days.   Defense counsel have consulted with Mr. LaFrance who has agreed to waive any venue objection and agreed to have any substantive claims relative to Victims 3, 4 and 5 handled in one consolidated Indictment here in Massachusetts.   The government will be seeking a superseding indictment which will include these charges shortly.

                Respectfully submitted,

                CARMEN M. ORTIZ
                United States Attorney

By:     /s/ Stephen P. Heymann
       Stephen P. Heymann
       Assistant U.S. Attorney

       /s/ Paul Kelly & John Commisso   by sph
       Paul Kelly
       John Commisso

Date:   June 22, 2016       Counsel for Defendant Edmond LaFrance

Dated: June 22, 2016

4814-9382-4307, v. 1