**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDMOND P. LAFRANCE,<br><br>   Defendant | Criminal No. 16-CR-10090-IT |

**MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant Edmond P. LaFrance, by and through counsel, respectfully submits this Motion to Modify Conditions of Release in connection with the pre-trial Order Setting Conditions of Release ("Order") issued on January 28, 2016. Specifically, Mr. LaFrance seeks the following relief: (1) clarifying that his ability to travel to Massachusetts is allowed for the purpose of meeting with defense counsel regarding this case; and (2) permitting LaFrance to use the internet, email, and text messaging, as well as access to electronic devices capable of these means of communication. In support of this motion, LaFrance states as follows:

1. Following the issuance of the Criminal Complaint, a hearing was held on January 28, 2016, where the Court entered the Order Setting Conditions of Release (ECF Doc. No. 10).

2. Paragraph 8(i) of the release Order restricts travel to the District of New Hampshire and Massachusetts "for Court and Medical purposes only." LaFrance requests that the Court modify this provision to make clear that he can also travel to Massachusetts for the purpose of meeting with his attorneys in this case.

3. Paragraph 8(x) of the release Order mandates, among other things, that LaFrance make "[n]o use of e-mail, the internet, text-messaging, or an electronic device capable of any of

these three." LaFrance requests that the Court strike these restrictions from Paragraph 8(x) and permit him to use the internet, email, and text messaging, as well as have access to electronic devices capable of these means of communication.

    4.  Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court is required to impose the least restrictive combination of conditions of release that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." The Court "may at any time amend the order to impose additional or different conditions of release." *Id.* at § 3142(c)(3). The conditions of release imposed cannot be excessive in relation to their purpose. *United States v. Merritt*, 612 F. Supp. 2d 1074, 1078 (D. Neb. 2009) (citing *Bell v. Wofish*, 441 U.S. 520, 535 (1979)). In addition, the conditions of release are not intended to be punitive. *See id.* (citing *Bell*, 441 U.S. at 535) ("In concluding that the Bail Reform Act is not facially invalid, [the Supreme Court] relied on extensive procedural safeguards within the Act which insure that pretrial detentions, or proposed conditions of pretrial release to protect the public or avoid flight, are warranted and not so onerous that they are, in effect, pretrial punishment in violation of the Due Process Clause."). The current conditions of release imposed upon LaFrance grossly exceed these parameters. Restricting LaFrance's use of the internet, email, and text messaging is overbroad and not reasonably necessary to either assure LaFrance's appearance at court proceedings or to protect the public from harm.

    5.  The breadth of the restrictions imposed here are excessive in today's technology driven world. The Order effectively eliminates the possibility of possessing *any* electronic device or accessing electronic communications in any way. As many courts have recognized, "[c]omputers and Internet access have become virtually indispensable in the modern world of communications and information gathering. The fact that a computer with Internet access offers

the possibility of abusive use for illegitimate purposes does not . . . justify so broad a prohibition . . . . Although a defendant might use the telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones." *United States v. Peterson*, 248 F.3d 79, 83 (2nd Cir. 2000).  *See also United States v. Scott*, 316 F.3d 733, 737 (7th Cir. 2003) ("A judge who would not forbid a defendant to send or receive postal mail or use the telephone should not forbid that person to send or receive email or to order books at Amazon.com."); *United States v. White*, 244 F.3d 1199, 1206 (10th Cir. 2001) (computer restriction which "would bar [defendant] from using a computer at a library to do any research, get a weather forecast, or read a newspaper online" was excessively broad).

      6.      The First Circuit has recognized that access to computers, the internet, and modern tools of communication are essential to one's ability to live effectively in the modern world, and that restrictions to be imposed on access to these means of communications must be consistent with the purposes and goals of the conditions of release.  *See e.g. United States v. Ramos*, 763 F.3d 45, 60 (1st Cir. 2014) ("'an undue restriction on internet use renders modern life – in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website – exceptionally difficult.'")

      7.      Furthermore, these excessive and unreasonable restrictions directly impair LaFrance's right to effective assistance of counsel and the ability to participate in his defense of the charges against him.  Here, counsel should be able to use email to maintain regular contact with LaFrance, as it is necessary to promptly exchange communications and documents; exchange and review discovery materials; gather facts and further the investigation necessary to the defense; review and edit motions and other courts filings; and prepare for hearings and trial.

LaFrance should be permitted access to the internet and other electronic communications so that he can conduct research, obtain information, and meaningfully contribute to the preparation of his defense.

8. In addition, the government has produced discovery which consists of a large volume of documents in electronic format on two DVDs. One DVD contains the contents of LaFrance's email account, which he used prior to being charged in this case. The volume of email data the government has produced is exceedingly large, and it will require counsel and LaFrance to work together to electronically search and review many thousands of email messages. This task cannot be completed efficiently and in a timely manner unless counsel and LaFrance can work together using the internet and a software program needed to host and review the electronic data. Counsel and LaFrance must also have the ability to communicate electronically as they work together with these discovery materials. The use of internet-based technology to review and host this data, as well as the ability of counsel and LaFrance to communicate electronically, is necessary to accomplish these tasks.

9. The current conditions of release, which prohibit access to the internet and electronic communication, severely hamper and interfere with LaFrance's ability to defend himself. Under the terms of the Order, LaFrance is limited to the use of the telephone, U.S. mail and carrier services in order to obtain and review discovery and communicate with counsel. In this case, as in every case, counsel relies on email and electronic communication as a primary and necessary means of communicating in a timely fashion with the client; receiving and reviewing discovery (most of which is in an electronic format); and reviewing and editing draft motions and other court filings. Completing these tasks without the use of electronic communication is severely limiting and unnecessarily punitive as a pre-trial condition of release.

10. In violation of the requirements of 18 U.S.C. § 3142, the broad prohibition on the use of the internet, email, text messaging, and other means of electronic communication is more restrictive than necessary to achieve the purposes of the conditions of pretrial release, and instead, has a severe punitive impact on LaFrance while he awaits trial. Such restrictions have no bearing on assuring LaFrance's appearance at court proceedings, nor are they necessary to assure the safety of any other person and the community.

11. By this motion, LaFrance is not challenging the other provisions of Paragraph 8(x) of the release Order, which impose other conditions to restrict LaFrance's access to bank accounts, wire transfers, and other financial transactions, as well as soliciting investments or incurring new debt.

12. Five (5) months have passed since the release Order was entered. The United States Probation Office has confirmed that LaFrance has fully complied with all of the release conditions during this time period. LaFrance's conduct demonstrates that he is not a flight risk and that the onerous restrictions prohibiting his use of the internet, email, text messaging and the use of electronic devices are excessive and unnecessary to assure his appearance before the Court or the safety of the community.

13. LaFrance's counsel has conferred with Assistant U.S. Attorney Stephen Heymann and U.S. Probation Officer Michelle Roberts regarding the relief requested in this motion. The parties were not able to reach an agreement and were not able to narrow the scope of the disagreement regarding the disputed conditions of release. Assistant U.S. Attorney Heymann has indicated, however, that he does not object to modifying the conditions of release so that LaFrance can travel to Massachusetts to meet with counsel regarding this case.

## CONCLUSION

Accordingly, LaFrance respectfully requests that the Court grant this motion and enter an order modifying the conditions of release as follows: (1) permitting LaFrance to travel to Massachusetts for the purpose of meeting with defense counsel regarding this case; and (2) permitting LaFrance to use the internet, email, and text messaging, as well as access to electronic devices capable of these means of communication.

Respectfully submitted on June 27, 2016.

DEFENDANT EDMOND P. LAFRANCE,

By his attorneys,

*/s/ Paul V. Kelly*
Paul V. Kelly (BBO No. 267010)
John J. Commisso (BBO No. 647002)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
Paul.Kelly@jacksonlewis.com
John.Commisso@jacksonlewis.com

## CERTIFICATE OF SERVICE

I certify that this document was filed through ECF and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Paul V. Kelly*
Jackson Lewis P.C.

4847-2960-9011, v. 2