UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 16-10090-IT |
| EDMOND P. LAFRANCE, | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |
| | ) |

**ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE**

July 13, 2016

Hennessy, M.J.

Before the court is the unresolved component of a motion Defendant Edward P. LaFrance filed seeking elimination of a condition of his release.[1] Docket #42. Defendant seeks relief from the prohibition that Defendant make no use of e-mail, the internet, or text-messaging, or have no access to any electronic device capable of performing any of these functions. The United States filed an opposition on July 7, 2016, Docket #51, and the matter is now ripe for decision. Pretrial Services has notified the court by email of its opposition. For the reasons stated below, the motion is denied.

---

[1] In this same motion, Defendant sought clarification of the condition that permission to travel to Massachusetts includes travel for the purpose of meeting with defense counsel regarding the instant case. See Docket #42. There was no opposition from the United States that travel to Massachusetts for this purpose is authorized under the release order, and this court, in effect, allowed the clarification to make plain that permission to travel to Massachusetts for this purpose was authorized. See Docket #45.

1

**Factual and Procedural History**

Defendant first appeared on this case on January 28, 2016, on the basis of a criminal complaint alleging his commission over a couple of years of wire fraud and money laundering. See Docket ##4, 9. At the initial appearance, the United States agreed to release provided certain conditions it proposed were ordered, including the condition Defendant now seeks to eliminate, that he have no access to the internet, text messaging or email, or devices that were capable of executing these functions. See Docket ##9, 10. Defendant acknowledged and agreed to this prohibition and other conditions of his pretrial release, affixing his signature to the order setting conditions. See Docket #10. In doing so, Defendant was released on the day of his arrest.

Since January 28, 2016, when bail was fixed and Defendant released, a number of things have occurred in the case: current counsel was retained and assigned counsel (the Federal Public Defender) withdrew, see Docket ##16, 17 and 29; Defendant was indicted on two counts of wire fraud, each corresponding to a separate victim, see Docket #19; discovery was provided, some of it pursuant to a protective order, see Docket ## 33, 39, and 40; and the grand jury returned a superseding indictment which added charges of money laundering involving wire transfers to banks in Malaysia, see Docket #46. Defendant represents in his motion that Defendant has fully complied with all of the release conditions since his release. See Docket #42 at ¶12.

**Law**

The Bail Reform Act provides in relevant part that the "judicial officer may at any time amend the [release] order to impose additional or different conditions of release." 18 U.S.C. § 3142(c )(3). The legislative history reports that "this authorization is based on the possibility that a changed situation or new information may warrant altered release conditions." See S. Rep. No 98-226 at p.16 (1983). Accordingly, "[c]onditions of bail should properly be modified if a

substantial change in circumstances as they existed at the time bail was fixed is clearly shown." United States v. Falcetti, No. 02-CR-140 (ILG), 2002 WL 31921179 (E.D.N.Y. 2002), at *1 (denying request to travel with counsel to Florida to prepare for trial, where Defendant showed no change in circumstances); see also United States v. Numisgroup Int'l Corp., 128 F. Supp. 2d 136, 151 (E.D.N.Y 2000) (modifying bail conditions where court found that need to continue to finance defense warranted relief from pledge of cash as security for bail).

**Analysis**

The motion to modify is denied. As a procedural matter, Defendant has failed to show a substantial change in circumstances that warrants such a significant change in the conditions of his release, and the developments in this case, as described in the summary of the docket (set out above) similarly shows no qualifying change in circumstances for the modification sought. To the contrary, Defendant's case has progressed closer to trial: he has been indicted, discovery has been provided, and a superseding indictment broadens the scope of potential liability and increases the potential penalties. Nothing in the case itself suggests a change in circumstances.

As a substantive matter, Defendant raises essentially three arguments for striking in its entirety this prohibition. First, he attacks the prohibition on email and internet access as "overbroad," "not reasonably necessary," and "grossly exceed[ing]" the goals of reasonably ensuring his appearance as required and protecting the public. See Docket #42 at ¶ 4. Far from being a change in circumstances, the internet and email prohibition is a condition to which Defendant expressly agreed and, though perhaps not dispositive of his release, his agreement to this condition facilitated his release. Put another way, it is conceivable that, if at the time this court fixed bail, Defendant had raised this objection to his release, he would not have been released at all. In agreeing to release, the United States expressly proposed prohibiting access to email, instant

messaging, and the internet. As noted in its opposition to this motion, its reasons for this condition are not without some force. According to all of the charging documents in this case – the complaint, indictment, and superseding indictment – Defendant used email and the internet to execute a fraud on at least five victims over a period of a number of years, and to transfer the proceeds of that fraud to banks in Malaysia.

In this regard, Defendant cites a number of cases to suggest the internet and email prohibition is unjust and unreasonable. However, the cases are inapposite, for not one of them deals with conditions of pretrial release, but rather conditions of probation or supervised release. Moreover, in nearly all, the underlying crime did not involve the use of emails or the internet. For instance in United States v. Scott, 316 F.3d 733 (7th Cir. 2003), the Appeals Court was reviewing a condition of supervised release prohibiting internet access, not because of the nature of the offense of which Scott was convicted – fraud --, but because a search of the defendant's computer revealed images of child pornography. See id. at 734. Indeed, the Seventh Circuit noted elsewhere in the opinion:

> Computers and the Internet may be used to commit crimes, of which child pornography and fraud are only two examples. Inveterate hackers who have used access to injure others may be ordered to give up the digital world. If full access posed an unacceptable risk of recidivism, yet all controls on access were forbidden, then a judge would have little alternative but to increase the term of imprisonment in order to incapacitate the offender.

Id. at 736-37. A similar argument can be made here. Defendant not only used a computer to execute the offenses for which he is indicted, but he has been previously convicted of fraud, and unfettered internet access poses a not insignificant risk of recidivism.

The other cases Defendant cites are similarly distinguishable. United States v. Ramos, 763 F.3d 45 (1st Cir. 2014), did not involve the use of the internet to commit the offense. Rather, the defendant was convicted of participating in sex acts with a minor which were being recorded. Id.

4

at 50. He was sentenced to 188 months' imprisonment to be followed by 10 years' supervised release with the condition that he have no internet access. Id. at 51. Hence the internet ban was for a far more significant period of time than a pretrial release condition; indeed, the Court of Appeals noted that the condition had the potential of interfering with Defendant's rehabilitation while on supervised release. Id. at 60-61; see also United States v. Peterson, 248 F.3d 79, 82 (2d Cir. 2001) (review of conditions of probation imposed after sentencing for bank larceny; "The government does not argue that the computer and Internet restrictions were related to the offense of conviction."); United States v. White, 244 F.3d 1199, 1205-06 (10th Cir. 2001) (following service of a jail sentence for receipt of child pornography, remanding for clarification of a prohibition on possession of a device capable of internet access and recognizing the difficulty of monitoring internet access). In sum, this court is not persuaded that cases involving conditions imposed for extended periods of supervised release and, with the exception of White, not involving internet or computer crimes require a different outcome here.

Second, Defendant argues that he needs internet access to communicate with counsel by email – he characterizes email as "a primary and necessary means of communicating [with counsel] in a timely fashion" – and review discovery which has been provided in electronic format. Docket #42 at ¶ 9. This also does not constitute a substantial changed circumstance. Moreover, as the United States notes, there is no reason why Defendant cannot communicate with counsel by telephone, even if such method is marginally less convenient than email. In today's world, the ubiquitous cellular telephone would enable Defendant to reach counsel regardless of counsel's absence from his law office, travel, or the like. Cellular service is virtually global and access rivals email. Similarly, there is no prohibition on Defendant using an internet-disabled computer or device to review electronic discovery. The prohibition is on devices that have the ability to access

the internet, email, and instant messaging. Nothing prohibits Defendant from using a disabled desk top to review compact discs of electronic evidence.

Lastly, Defendant notes that he has been compliant with the conditions of his pretrial release since January 28, 2016. Id. at ¶ 12. The court accepts that representation. However, complying with conditions of release is not a change in circumstances. Rather, it is merely doing what Defendant himself agreed to do and what the law requires he does. Defendant would face revocation if he failed to comply with his conditions of release. See 18 U.S.C. § 3148.

The court recognizes that the internet and email prohibition imposes inconveniences. In this court's view, those inconveniences are entirely justified, limited in duration to Defendant's pretrial release period, and tailored to address Defendant's history of recidivism and use of the internet and email to commit the offenses alleged in the superseding indictment.

## CONCLUSION

For all the foregoing reasons, the motion to eliminate the prohibition on access to the internet, email, and instant messaging, Docket #42, is DENIED.

      / s / David H. Hennessy
      David H. Hennessy
      United States Magistrate Judge