UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | \|<br>\|<br>\| |
| v. | \| CRIMINAL No. 16-CR-10090-IT |
| EDMOND LAFRANCE, | \|<br>\| |
| Defendant. | \| |

JOINT REPORT ON PROPOSED NEW CONDITIONS OF RELEASE

The parties submit this joint memorandum addressing proposed new conditions of release as directed by the Court on August 18, 2016. (ECF. No. 57)

The Order Setting Conditions of Release, Additional Conditions of Release, Paragraph x, subsection (1) presently states that the defendant can make "no use of e-mail, the internet, text-messaging, or an electronic device capable of any of these three." By order dated August 18, 2016, the Court directed that the parties propose lesser restrictions, which would enable the defendant to use these facilities while on release. The government proposes that the Court modify this restriction as follows:

> The defendant may use one laptop or desktop computer and one smartphone device for the purpose of accessing the Internet and sending and receiving e-mail and text messages. He may use a web-based e-mail service and a web-based text-messaging service that preserves messages. Before using any such service, he will provide the name of the URL of the service, screen user name, account and password to his supervising probation officer.

> The defendant's supervising probation officer may search the defendant's laptop or desktop computer, smartphone device or approved web-based service at any time to ensure compliance with the conditions of release and may request that the devices be brought to his office for that purpose. In order to facilitate the supervising probation officer's review of the laptop or desktop computer and

smartphone, the defendant will provide his supervising probation officer all credentials needed to access the devices and any software programs, including login information, user names and passwords for any e-mail accounts or text-messaging accounts which he uses.

The defendant's supervising probation officer may examine any e-mail messages or text messages created after the date of this Order, other than ones sent to or received from one of his attorneys. The supervising probation officer will take reasonable care to avoid reviewing or examining any information that may be protected from disclosure by the attorney-client privilege or the attorney work product doctrine. The supervising probation officer shall not disclose the contents of e-mails, text messages, or other files or information he examines to individuals outside U.S. Probation and Pretrial Services unless he determines the contents may evidence violations of criminal law or the defendant's conditions of release.

The defendant shall not communicate with anyone outside of the United States without prior approval of his supervising probation officer.

The defendant agrees with the above proposal except that the defendant believes that the supervising probation officer should only review or search the defendant's devices, e-mail or text-messaging account in the defendant's presence. The government believes this requirement, if added, would give the defendant sufficient advance notice of searches that he could delete material records.

The defendant respectfully requests that the District Court Judge schedule a further hearing regarding this proposal. The government believes a further hearing is unnecessary in light of the sole unresolved issue.

                                        Respectfully submitted,

                                        CARMEN M. ORTIZ
                                        United States Attorney

                    By:    */s/ Stephen P. Heymann*
                            Stephen P. Heymann
                            Assistant U.S. Attorney

                            */s/ Paul Kelly & John Commisso   by sph*
                            Paul Kelly
                            John Commisso
Date:  September 8, 2016     Counsel for Defendant Edmond LaFrance

## Certificate of Service

The undersigned certifies that a copy of this Joint Memorandum has been served on counsel of record through the electronic case filing system.

                                                            */s/ Stephen Heymann*
                                                            Stephen Heymann